# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Jack McCall, Chypre Johnson, Daniel James Davis, Dre Johnson<br><br>  Plaintiffs,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE MICHIGAN OCCUPATIONAL CODE, THE TELEPHONE CONSUMER PROTECTION ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jack McCall ("Mr. McCall"), is a natural person who resided in Detroit, Michigan, at all times relevant to this action.

2. Plaintiff, Chypre Johnson ("Ms. Johnson"), is a natural person who resided in Detroit, Michigan, at all times relevant to this action.

3. Plaintiff, Daniel James Davis ("Mr. Davis"), is a natural person who resided in White Lake, Michigan, at all times relevant to this action.

4. Plaintiff, Dre Johnson ("Mr. Johnson"), is a natural person who resided in Romulus, Michigan, at all times relevant to this action.

5. Convergent Outsourcing, Inc. ("CO" or "Defendant"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

- 1 -

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

7. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901, *et seq.*, because those claims share a common nucleus of operative facts with Plaintiffs' claims under the FDCPA.  S*ee Litt v. Midland EOS, Inc.*, 2014 U.S. Dist. LEXIS 66658 (E.D. Mich. May 15, 2014) (in FDCPA case, supplemental jurisdiction exercised over claims under MOC).

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## JOINDER

9. Rule 20 of the Federal Rules of Civil Procedure provides, in part:

   (a) PERSONS WHO MAY JOIN OR BE JOINED.

      (1) Plaintiffs. Persons may join in one action as plaintiffs if:

         (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

10. "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

11. "Rule 20 should be viewed in light of the overarching policy of Rule 1 which requires that the rules 'be construed and administered to secure the ***just, speedy, and inexpensive*** determination of every action and proceeding.' Fed. R. Civ. P. 1 (emphasis added)." *Patrick Collins, Inc. v. Doe*, 282 F.R.D. 161, 166 (E.D. Mich. 2012).

12. "'The purpose of [Rule 20] is to promote trial convenience and expedite the determination of disputes, thereby preventing multiple lawsuits.  Single trials generally tend to lessen the delay, expense and inconvenience to all concerned.'" *Id.*; *quoting Mosley v. General Motors Corp*., 497 F.2d 1330, 1332 (8th Cir.1974).

13. The rule "does not require that ***all*** questions of law and fact raised by the dispute be common, but only that ***some*** question of law or fact be common to all parties."  *Mosley v. General Motors Corp*., 497 F.2d at 1332 (emphases included).

14.  "The term 'transaction' is flexible, and claims arise out of the same transaction or occurrence so long as they are logically related events entitling a person to legal relief." *Nucorp, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 187547, *12 (E.D. Mich. Oct 18, 2012); *citing Mosley,* 497 F.2d at 1333.

15.  The analogous interpretation of the terms as used in **Rule 20** would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *Mosley*, 497 F.2d at 1332.

16.  Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See* Mosley, 497 F.2d at 1334.

17.  In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support joinder under Rule 20. *See, e.g., Scott v. Fairbanks Capital Corp.*, 284 F.Supp. 2d 880, 888-89 (S.D. Ohio 2003).

18.  Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff*, 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

19.  In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20.  *See, e.g., Blair v. CBE Group, Inc*., 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc*., 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

20.  At all times relevant to this action, CO collected consumer debts.

21.  CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

22.  The principal source of CO's revenue is debt collection.

23.  CO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24.  CO is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

25.  As described, *infra*, CO contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

26.  Each alleged obligation CO was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.  Each alleged obligation CO was seeking to collect is a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

28.  Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Each Plaintiff is a "consumer" as defined by the Mich. Comp. Laws § 339.901(f) and is a person whom the MOC was intended to protect.

30. Before CO began contacting each Plaintiff, it and each Plaintiff had no prior business relationship and each Plaintiff never provided express consent to CO to be contacted on her or her cellular telephone.

31. Within the past twelve (12) months, CO called each Plaintiff on multiple occasions in connection with the collection of a debt.

32. On several occasions, within the past forty-eight (48) months, the dates of which will be discovered through discovery, CO willingly and knowingly used an automatic telephone dialing system (ATDS) to call each Plaintiff on her or her cellular phone multiple times in violation of the TCPA.

33. CO used a predictive dialer system to call each Plaintiff.

34. Each Plaintiff, on at least one occasion, communicated his or her desire that CO cease calling him or her.

35. Notwithstanding these communications, CO continued to call each Plaintiff in connection with the collection of a debt.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

36. Section 1692d of the FDCPA provides, in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

37. Where a consumer has communicated her or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d.  *See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

38. Section 1692f of the FDCPA provides, in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. §1692f.

39. Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under both sections.  *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist. LEXIS 87867, *25 (D. Mass. June 27, 2014); *citing Rush v. Portfolio Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013).

40. The TCPA provides, in part:

> (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

41. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8000-8001, ¶ 73 (2015).

42. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet*, 699 F.3d at 641; *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

43. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive

- 8 -

knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7999, ¶ 72 (2015).

44. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

45. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

46. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent*

*Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

47. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

## ADDITIONAL FACTORS SUPPORTING JOINDER

48. The witness(es) that CO will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

49. The information that CO will provide in response to interrogatories related to CO's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

50. The evidence that CO will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

51. Joinder will allow a single trier of fact to assess the pattern and frequency of CO's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

52. Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA and TCPA.

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### *COUNT ONE – Jack McCall*

**Violation of the Fair Debt Collection Practices Act**

53. Mr. McCall re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 20-52.

54. In or around September of 2015, CO began calling Mr. McCall on his cellular phone at phone number XXX-XXX-1156 in an attempt to collect a debt for another individual.

55. During one of the initial conversations, Mr. McCall notified CO that he was not the individual with whom CO was looking to speak and communicated his desire that CO cease calling him.

56. Despite this communication, CO continued to call Mr. McCall on Mr. McCall's cellular phone.

57. On more than one occasion, Mr. McCall notified CO that he was not the individual with whom CO was looking to speak communicated his desire that CO cease calling him.

58. Nevertheless, CO continued to call Mr. McCall on his cellular phone in connection with the collection of a debt within the past twelve (12) months.

59. CO caused Mr. McCall emotional distress.

60. CO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. McCall in connection with the collection of the debt.

61. CO violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT TWO – Jack McCall*

**Violation of the Michigan Occupational Code**

62. Mr. McCall re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 20-52, and 54-59.

63. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

64. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

65. CO's willful violations of the MOC entitle Mr. McCall to a civil penalty of not less than three (3) times the actual damages he sustained as a result of CO's violations of the MOC.

<u>COUNT THREE – Jack McCall</u>

**Violation of the Telephone Consumer Protection Act**

66. Mr. McCall re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 20-52, and 54-58.

67. Mr. McCall was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

68. CO violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. McCall cellular telephone using an ATDS without Mr. McCall's prior express consent or after such consent had been revoked.

69. CO voluntarily placed telephone calls to Mr. McCall's cellular telephone using an ATDS.

70. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

71. CO failed to adequately place intermittent live verification calls to Mr. McCall's cellular telephone number to ensure that Mr. McCall had provided his express consent to CO to call those telephone numbers.

- 13 -

72. CO willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. McCall's cellular telephone using an ATDS without Mr. McCall's prior express consent or after such consent had been revoked.

### COUNT FOUR – Chypre Johnson

**Violation of the Fair Debt Collection Practices Act**

73. Ms. Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 2, and 20-52.

74. In or around December of 2014, CO began calling Ms. Johnson on her cellular phone at phone number XXX-XXX-1503 in an attempt to collect a debt for another individual.

75. During one of the initial conversations, Ms. Johnson notified CO that she was not the individual with whom CO was looking to speak and communicated her desire that CO cease calling her.

76. Despite this request, CO continued to call Ms. Johnson on Ms. Johnson's cellular phone.

77. On more than one occasion, Ms. Johnson notified CO that she was not the individual with whom CO was looking to speak communicated her desire that CO cease calling her.

78. Nevertheless, CO continued to call Ms. Johnson on her cellular phone in connection with the collection of a debt within the past twelve (12) months.

79. CO caused Ms. Johnson emotional distress.

80. CO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Johnson in connection with the collection of the debt.

81. CO violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT FIVE – Chypre Johnson*

**Violation of the Michigan Occupational Code**

82. Ms. Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 2, 20-52, and 74-79.

83. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

84. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

85. CO's willful violations of the MOC entitle Ms. Johnson to a civil penalty of not less than three (3) times the actual damages he sustained as a result of CO's violations of the MOC.

<u>COUNT SIX – Chypre Johnson</u>

**Violation of the Telephone Consumer Protection Act**

86.  Ms. Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 2, and 20-52, and 74-78.

87.  Ms. Johnson was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

88.  CO violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Johnson's cellular telephone using an ATDS without Ms. Johnson's prior express consent or after such consent had been revoked.

89.  CO voluntarily placed telephone calls to Ms. Johnson's cellular telephone using an ATDS.

90.  In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

91.  CO failed to adequately place intermittent live verification calls to Ms. Johnson's cellular telephone number to ensure that Ms. Johnson had provided her express consent to CO to call those telephone numbers.

92. CO willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Johnson's cellular telephone using an ATDS without Ms. Johnson's prior express consent or after such consent had been revoked.

## COUNT SEVEN – Daniel James Davis

## Violation of the Fair Debt Collection Practices Act

93. Mr. Davis re-alleges and incorporates the following Paragraphs as if fully set forth herein: 3, and 20-52.

94. In or around April of 2015, CO began calling Mr. Davis on her cellular phone at phone number XXX-XXX-0534 in an attempt to collect a debt for another individual.

95. CO's initial phone call to Mr. Davis was automated and a pre-recorded or computer generated message requested to speak with a person who was not Mr. Davis.

96. During this initial phone call, Mr. Davis was not able to speak to a live representative of CO.

97. During one of the initial conversations, Ms. Davis communicated his desire that CO cease calling him.

98.  Despite this following CO's instructions to get Mr. Davis's number removed from CO's calling list, CO continued to call Mr. McCall on Mr.  McCall's cellular phone.

99.  On more than one occasion, Mr. Davis communicated his desire that CO cease calling him.

100.  Mr. Davis was not able to speak to a live representative of CO on any phone call that CO placed to him.

101.  Nevertheless, CO continued to call Mr. Davis on his cellular phone in connection with the collection of a debt within the past twelve (12) months

102.  CO caused Mr. Davis emotional distress.

103.  CO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Davis in connection with the collection of the debt.

104.  CO violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT EIGHT – Daniel James Davis*

**Violation of the Michigan Occupational Code**

105.  Mr. Davis re-alleges and incorporates the following Paragraphs as if fully set forth herein: 3, 20-52, and 94-102.

106. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

107. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

108. CO's willful violations of the MOC entitle Mr. Davis to a civil penalty of not less than three (3) times the actual damages he sustained as a result of CO's violations of the MOC.

*COUNT NINE – Daniel James Davis*

**Violation of the Telephone Consumer Protection Act**

109. Mr. Davis re-alleges and incorporates the following Paragraphs as if fully set forth herein: 3, 20-52, and 94-101.

110. Mr. Davis was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

111. CO violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Davis's cellular telephone using an ATDS without Mr. Davis's prior express consent or after such consent had been revoked.

112. CO voluntarily placed telephone calls to Mr. Davis's cellular telephone using an ATDS.

113. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

114. CO failed to adequately place intermittent live verification calls to Mr. Davis's cellular telephone number to ensure that Mr. Johnson had provided his express consent to CO to call those telephone numbers.

115. CO willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Davis's cellular telephone using an ATDS without Mr. Davis's prior express consent or after such consent had been revoked.

*COUNT TEN – Dre Johnson*

**Violation of the Fair Debt Collection Practices Act**

116. Mr. Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 10-52.

117. In or around November of 2015, CO began calling Mr. Johnson on his cellular phone at phone number XXX-XXX-8513 in an attempt to collect a debt for another individual.

118. During one of the initial conversations, Mr. Johnson notified CO that he was not the individual with whom CO was looking to speak and communicated his desire that CO cease calling him.

119. Despite this communication, CO continued to call Mr. Johnson on Mr. Johnson's cellular phone.

120. On more than one occasion, Mr. Johnson notified CO that he was not the individual with whom CO was looking to speak communicated his desire that CO cease calling him.

121. Nevertheless, CO continued to call Mr. Johnson on his cellular phone in connection with the collection of a debt within the past twelve (12) months.

122. CO caused Mr. Johnson emotional distress.

123. CO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Johnson in connection with the collection of the debt.

124. CO violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT ELEVEN – Dre Johnson*

**Violation of the Michigan Occupational Code**

125. Mr.  Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 10-52, and 117-122.

126. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

127. CO willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

128. CO's willful violations of the MOC entitle Mr. Johnson to a civil penalty of not less than three (3) times the actual damages he sustained as a result of CO's violations of the MOC.

*COUNT TWELEVE – Dre Johnson*

**Violation of the Telephone Consumer Protection Act**

129. Mr. Johnson re-alleges and incorporates the following Paragraphs as if fully set forth herein: 1, and 20-52, and 117-121.

130. Mr.  Johnson was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

131. CO violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Johnson cellular telephone using an ATDS without Mr. Johnson's prior express consent or after such consent had been revoked.

132. CO voluntarily placed telephone calls to Mr. Johnson's cellular telephone using an ATDS.

133. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

134. CO failed to adequately place intermittent live verification calls to Mr. Johnson's cellular telephone number to ensure that Mr. Johnson had provided his express consent to CO to call those telephone numbers.

135. CO willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Johnson's cellular telephone using an ATDS without Mr. Johnson's prior express consent or after such consent had been revoked.

## **JURY DEMAND**

136.  Each Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

137.   Each Plaintiff prays for the following relief:

   a.   Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b.   Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Plaintiff's actual damages, pursuant to Mich. Comp. Laws § 339.916.

   c.   Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d.   An order enjoining Defendant from placing further telephone calls to each Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

   e.   For such other legal and/or equitable relief as the Court deems appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

Date: April 7, 2016                    By:  /s/ David M. Menditto
                                           One of Plaintiffs' Attorneys

                                           David M. Menditto, Esq.
                                           Hyslip & Taylor, LLC, LPA
                                           1100 W. Cermak Rd., Suite B410
                                           Chicago, IL 60608
                                           Telephone: 312-380-6110
                                           Facsimile: 312-361-3509
                                           Email: davidm@fairdebt411.com
                                           Illinois Bar No. 6216541